UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

GRANT LAMBERT, )
)
Petitioner, ) Civil Action No. 14-CV-177-HRW
)
v. )
) **MEMORANDUM OPINION**
CASSANDRA TAYLOR, *Supervisor*, ) **AND ORDER**
*District 18*, )
)
Respondent.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Grant Lambert, a parolee under the supervision of the Kentucky Department of Corrections ("KDOC"), has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Lambert has paid the $5.00 filing fee.[1]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011) The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of theRules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Lambert's petition

---

[1] Lambert lists his address as 126 Olde English Court, Louisville, Kentucky 40272.

1

under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts Lambert's factual allegations as true, and liberally construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, however, the Court will dismiss Lambert's § 2241 petition without prejudice and direct the Clerk of the Court to re-docket it as an amended 28 U.S.C. § 2254 petition in another habeas action filed by Lambert, which is currently pending in this Court.

## BACKGROUND

In December 2010 and February 2011, Lambert was indicted in the Boyd Circuit Court, charged with committing drug trafficking offenses.[2] On January 7, 2013, Lambert was convicted of the drug offenses and received a 10-year prison sentence, but he was paroled on June 6, 2013. *See* http://kool.corrections.ky.gov/KOOL/Details/334715 (last visited on January 23, 2015). Lambert will, however, continue to remain under the parole supervision of KDOC District 18 until November 4, 2017. *Id.*[3]

On March 15, 2013, Lambert filed a petition for writ of habeas corpus in the United States District Court for the Western District of Kentucky. *Lambert v.*

---

[2] On December 1, 2010, Lambert was indicted in the Boyd Circuit Court, Case No. 10-CR-00413, and was again indicted in that court on February 19, 2011, Case No. 11-CR-00067.

[3] The KDOC's website identifies Cassandra Taylor as the Supervisor of District 18. *Id.*

*Elder*, 3:13-CV-P357-S (W.D. Ky. 2013) [D. E. No. 1, therein] On April 19, 2013, judge Senior Judge Charles R. Simpson, III, directed Lambert to complete the standard § 2254 form on April 19, 2013. [D. E. No. 6, therein] On May 20, 2013, Lambert filed the standard § 2254 form, but because he challenged a Boyd Circuit Court conviction, Judge Simpson transferred the proceeding to this Court on June 19, 2013, *see* D. E. No. 12, at which time a new § 2254 proceeding was docketed in this Court [D. E. No. 13-15]. *See Grant Lambert v. Commonwealth of Kentucky, et al.*, No. 13-CV-181-WOB-JGW (E.D. Ky. 2014).

On August 21, 2013, Magistrate Judge J. Gregory Wehrman filed a report recommending that Lambert's § 2254 petition be dismissed without prejudice because his appeal of his state court conviction was, at that time, pending in state court. [D. E. No. 17, therein] On September 19, 2013, Judge William O. Bertelsman adopted Magistrate Judge Wehrman's recommendation and dismissed the § 2254 petition without prejudice. [D. E. No. 18, therein]

On October 2, 2014, Lambert filed a motion to reopen that habeas proceeding, alleging that he had been the victim of judicial and prosecutorial conduct during his Boyd Circuit Court criminal proceeding; that "multiple losses of exculpatory evidence" had occurred in his criminal proceeding; that he had been denied his right to file an appeal; that the Boyd Circuit Court, the Kentucky Court

of Appeals, and the Kentucky Supreme Court had improperly determined that the Notice of Appeal which he did file was untimely; and that as a result of these actions, he had been denied his constitutional right to due process of law. [D. E. No. 20, therein] On November 5, 2014, Judge Bertlesman directed the Clerk of the Court to strike the motion to reconsider; to refile it as a new petition for writ of habeas corpus under 28 U.S.C. § 2254; and to make October 2, 2014, the effective filing date of the new § 2254 petition. *See* Order, D. E. No. 21, therein.

The new § 2254 proceeding, which was opened on October 2, 2014, has been docketed as *Grant Lambert v. Commonwealth of Kentucky*, No. 0:14-CV-165-DCR-REW (E. D. Ky. 2014), and is currently pending before this Court. On December 31, 2014, an Order was entered in that proceeding directing the Clerk of the Court to serve the Kentucky Attorney General with a copy of Lambert's § 2254 petition, and giving the Commonwealth of Kentucky sixty days (from the date of entry of that Order) in which to file a response to Lambert's § 2254 petition. [D. E. No. 4, therein]

### DISCUSSION

Lambert filed his § 2241 habeas petition on December 9, 2014. [D.E. No. 1] In that submission, Lambert again collaterally challenges his Boyd Circuit Court criminal conviction, asserting essentially the same grounds he raised in his pending

§ 2254 petition: the denial of his right to appeal; the denial of his right to due process of law; the denial of exculpatory discovery information; prosecutorial misconduct, including the falsification of evidence and witness manipulation; and ineffective assistance of counsel, including counsel's alleged refusal to file a timely appeal of his conviction to the Kentucky Court of Appeals. [D. E. No. 1] Lambert seeks an order setting aside his Boyd Circuit Court conviction, just as he has did in the § 2254 proceeding which is currently pending in this Court. The Court therefore determines that Lambert's current claims fall under 28 U.S.C. § 2254, not 28 U.S.C. § 2241.

Maintaining the current § 2241 proceeding would result in piece-meal litigation and an unnecessary duplication of limited judicial resources, as the claims which Lambert asserts in this action are the same claims he raised in his § 2254 petition which is pending in this Court. For that reason, the Court determines that Lambert's § 2241 petition [D. E. No. 1] should be dismissed without prejudice; that it should be re-docketed as an amended § 2254 petition in *Grant Lambert v. Commonwealth of Kentucky*, No. 0:14-CV-165-DCR-REW (E. D. Ky. 2014); and that all further action in connection with Lambert's submission in this § 2241 proceeding shall proceed in in *Grant Lambert v. Commonwealth of Kentucky*, No. 0:14-CV-165-DCR-REW (E. D. Ky. 2014).

5

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

(1) This 28 U.S.C. § 2241 proceeding is **DISMISSED WITHOUT PREJUDICE**.

(2) The Clerk of the Court shall **DOCKET** Grant Lambert's § 2241 petition [D. E. No. 1] as an amended 28 U.S.C. § 2254 petition in *Grant Lambert v. Commonwealth of Kentucky*, No. 0:14-CV-165-DCR-REW (E. D. Ky. 2014), and all further action with respect to Lambert's filing of December 9, 2014 [D. E. No. 1] shall proceed in in *Grant Lambert v. Commonwealth of Kentucky*, No. 0:14-CV-165-DCR-REW (E. D. Ky. 2014).

This 24th day of February, 2014.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge